33 C.C.P.A. (Patents)

### Application of McGEORGE et al.
### Patent Appeal No. 5172.

Court of Customs and Patent Appeals.
June 11, 1946.

Irvin S. Thompson, of Washingotn, D. C., for appellants.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims (Nos. 1 to 10, inclusive, and 18 to 27, inclusive) in appellants' application for a patent for an alleged invention relating to so-called "Stomach powders," and a process for making the same.

At the time of the oral arguments in this court, counsel for appellants moved to dismiss the appeal as to claims 1, 3, 4, 10, 26, and 27. The motion will be granted.

Claims 7, 8, 10, and 19 to 24, inclusive, were rejected by the tribunals of the Patent Office as being drawn to non-elected species. They, therefore, need not be considered here on their merits.

Claims 2, 5, 6, 9, and 25 are process claims and were rejected by the Primary Examiner on the prior art.

Claim 18 is for appellants' product and was also rejected on the prior art.

Claim 2, which is illustrative of claim 9, and claims 5, 6, and 18 which are before us on their merits, read:

"2. A process for the preparation of a stomach powder base comprising mixing a solution containing not more than 100 parts by weight of sodium carbonate in 230 parts by weight of water, with a solution of calcium chloride and magnesium chloride containing calcium and magnesium in the proportions desired in the product and at the rate of not more than 100 parts by weight of the two chlorides in 155 parts by weight of water, the quantity of the sodium carbonate solution being in excess of the theoretical quantity required for precipitating the calcium and magnesium, and digesting the mixture at a raised temperature for a period of time to convert the precipitate into a finely divided form which rapidly settles in the absence of agitation, and then washing and drying the precipitate."

"5. In, a process for the preparation of the carbonate salts of calcium and magnesium, wherein a solution containing both calcium and magnesium salts is prepared from a material containing both calcium and magnesium in carbonate form by means of an acid and is mixed with a water-soluble carbonate salt in aqueous solution for a duration and at elevated temperatures resulting in the co-precipitation of both calcium and magnesium in carbonate form and in a finely divided and intimately mixed condition, the steps of dissolving 184 grms. of dolomite in 456.3 grms. of 32% hydrochloric acid and making the volume up to 1980 mls. to form the solution of the mixed carbonates and dissolving 223 grms. of anhydrous sodium carbonate in water to a final volume of 1980 mls. to give the aqueous solution of the water-soluble carbonate.

"6. A process for the preparation of the carbonate salts of calcium and magnesium, wherein dolomite is dissolved in 32% hydrochloric acid at the rate of 184 grms. of dolomite to 456.3 grms of acid, and the volume is made up with water to a total of 1980 mls. per 184 grms. of dolomite; and anhydrous sodium carbonate is dissolved in water to give a solution containing 223 grms. per 1980 mls; and tak-

ing equal volumes of the solutions thus obtained, approximately 1% by volume of each solution is added to the remainder of the other solution, the two mixtures heated separately to 70° C. and filtered, whereafter the filtrates are caused to interact to give the co-precipitation of both calcium and magnesium in carbonate form and in a finely divided and intimately mixed condition."

"18. As a new composition of matter, a precipitation product comprising finely divided and intimately mixed carbonate salts of magnesium and calcium and less than 10% occluded sodium."

The references are:

Mellor—Comprehensive Treatise on Inorganic and Theoretical Chemistry, Vol. 4, pages 372, 375 (1923);

Gutman—Modern Drug Encyclopedia (1934) page 347;

U. S. Dispensatory, 21 Ed. (1926) pages 251, 667, 668.

The purpose of appellants' process is to produce a stomach powder by *co-precipitation* of calcium and magnesium in carbonate form and in a fine divided and intimately mixed condition.

■ According to claim 2, appellants' process comprises mixing a sodium carbonate solution with a calcium chloride and magnesium chloride solution, the chlorides being in the proportions stated in the claim and the quantity of sodium carbonate solution being in excess of the amount required for precipitating the calcium and magnesium, "digesting the mixture at a raised temperature for a period of time to convert the precipitate into a finely divided form which rapidly settles in the absence of agitation, and then washing and drying the precipitate."

In other words, by the process described in claim 2, calcium chloride and magnesium chloride are converted into calcium and magnesium carbonates by a solution of sodium carbonate.

It will be observed that there is nothing in claim 2 which calls for co-precipitation of the calcium and magnesium in carbonate

form which is the gist of appellants' invention, as stated in their application and as claimed here in the brief of counsel for appellants.

The Primary Examiner rejected claim 2 as being unpatentable over the disclosures in the references Mellor and U. S. Dispensatory, supra. In so doing, the examiner relied upon the following statement in the Mellor Treatise: "According to T. S. Hunt, sodium hydrocarbonate [bicarbonate] precipitates *at first* almost wholly calcium carbonate from a mixed soln. of calcium and magnesium chlorides; and then follows hydrated magnesium carbonate" (italics not quoted), and stated that the U. S. Dispensatory discloses that washing and drying of precipitates of the carbonates is conventional; that so-called "digestion," after precipitation, "is a well known process step, as shown by the Dispensatory, page 668"; and that the same authority discloses that it is old to use high temperatures in the precipitation of carbonates.

The examiner also rejected claim 18, the product claim, on the disclosures in the Mellor and Gutman references.

The Gutman reference discloses a composition consisting of 50% of magnesium carbonate and 50% of calcium carbonate. Just how the reference product is prepared is not stated. However, there is nothing of record to indicate that the components of the product are not finely divided and intimately mixed.

■ It will be observed from claim 5 that appellants' process, as therein defined, comprises the preparation of carbonate salts of calcium and magnesium by first converting the carbonate salts of calcium and magnesium into calcium and magnesium chlorides by means of an acid, as stated in that claim, or hydrochloric acid, as stated in claim 6. Thereafter the chlorides are mixed "with a water-soluble carbonate salt in aqueous solution" at elevated temperatures, resulting, as stated in claim 5, in the *"co-precipitation of both calcium and magnesium in carbonate form and in a finely divided and intimately mixed condition."* (Italics not quoted.) Claim 6 defines a similar process. Each of those

claims contains limitations as to the proportions of the various ingredients used in appellants' process.

Although claims 5 and 6 were rejected by the tribunals of the Patent Office on the disclosure in the Mellor reference, wherein it is stated that dolomite is soluble in several acids and that T. S. Hunt precipitated calcium carbonate and magnesium carbonate from a mixed solution of calcium and magnesium chlorides by means of sodium bicarbonate, it clearly appears from the Mellor disclosure that Hunt produced in sequence, first calcium carbonate and then magnesium carbonate. It does not appear that he produced those carbonates simultaneously by co-precipitation, as called for by claims 5 and 6.

It is apparent that by co-precipitation in the processes defined in claims 5 and 6, which are generic claims, a more intimate mixture of calcium and magnesium carbonates would be obtained than by successive precipitation of those substances. That, in our opinion, is appellants' contribution to the art. We hold, therefore, that claims 5 and 6 define patentable subject matter over the art of record.

Claim 25 is somewhat similar to claim 5 and 6, except that it is not limited to co-precipitation of calcium and magnesium carbonates.

The appeal is dismissed as to claims 1, 3, 4, 10, 26, and 27.

For the reasons stated, the decision of the Board of Appeals is modified, being affirmed as to claims 2, 9, 18, and 25, and reversed as to claims 5 and 6, which we think, are patentable over the prior art cited, and, owing to the fact that claims 5 and 6 are generic claims, the decision of the board is also reversed so far as it held that claims 7, 8, and 19 to 24, inclusive, were properly rejected by the Primary Examiner on the ground that they were drawn to a nonelected species.

Modified.

GARRETT, Presiding Judge, sat during the arguments of this case, but because of illness took no part in its consideration or in the decision.